**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KENNETH HILLS ORVIS,

       Petitioner,

vs.                                                                                            Civil No. 08-1121 JH/RHS

MIKE HEREDIA, et al.,

       Respondents.

**ORDER DENYING MOTION FOR DISCOVERY
AND REQUEST FOR HEARING**

THIS MATTER comes before the Court on Petitioner's "[Motion] Requesting Discovery," filed March 16, 2010 **[Doc. No. 25]** and "Request for Telephonic Hearing," filed March 16, 2010 **[Doc. No. 26]**.  Petitioner seeks an order directing Respondents "to produce for inspection and copying . . . records, papers, documents, or other tangible evidence in its possession, which are or may be material to this case."  (Motion for Discovery at 1).  The Court, having considered the motions and determining that responses are not required, finds that Petitioner's motions are not well-taken and will be denied at this time.

Petitioner contends there was evidence proving that he was not living in the State of New Mexico "when stolen checks were given to Ms. Martin."  (Motion for Discovery at 1).  However, Petitioner neither describes the evidence, nor contends that it is in the possession of Respondents.  Indeed, Petitioner suggests that he possesses such evidence.  (See id. at 2 (stating that Petitioner "has substantial evidence to present before this court which proves he was wrongfully found guilty")).  In addition, Petitioner apparently seeks records of other court

proceedings.[1]  However, Petitioner is not precluded from contacting his former counsel and/or the clerk of the appropriate court to determine how to obtain copies of relevant court documents or records.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Petitioner's motion must be considered in accordance with Rule 6, Rules Governing § 2254 Cases in the United States District Courts.  "A judge may, for good cause, authorize a party to conduct discovery" in § 2254 proceedings.  Rule 6(a).[2]  However, "[a] party requesting discovery must provide reasons . . . . and must specify any requested documents."  Rule 6(b).  Having considered Petitioner's motion, the Court does not find good cause for authorizing discovery at this time.  Accordingly, Petitioner's Motion for Discovery will be denied and his accompanying request for a hearing will be denied as moot.

**WHEREFORE,**

**IT IS ORDERED** that Petitioner's "[Motion] Requesting Discovery" **[Doc. No. 25]** is **denied** and Petitioner's "Request for Telephonic Hearing" **[Doc. No. 26]** is **denied** as moot.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner refers to "a court order eviction of Dwayne Leath from his lot where his home was located . . . ."  (Motion for Discovery at 1).

[2] Good cause is established "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  Bracy, 520 U.S. at 908-09 (quotation omitted).