IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH HILLS ORVIS,

    Petitioner,

vs.                                                                                Civil No. 08-1121 JCH/RHS

MIKE HEREDIA, et al.,

    Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court on consideration of Petitioner Kenneth Orvis' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition"), filed December 1, 2008 **[Doc. 1]**.  Mr. Orvis is confined pursuant to the Judgment and Order Partially Suspending Sentence, filed in state court on March 1, 2007 in the Third Judicial District, County of Dona Ana.  (See Ex. A, attached to Answer, filed Feb. 2, 2009 **[Doc. 19]**).[1]  Following a jury trial, Mr. Orvis was convicted of twelve counts of Forgery (Make or Alter) and one count of Conspiracy to Commit Forgery (Make or Alter).  (See id.). Mr. Orvis was sentenced to serve "a total term of fourteen (14) years to be followed by two (2) years on parole."  (Id. at 5).  However, the state trial court suspended six (6) years of Mr. Orvis' sentence and ordered him to "serve eight (8) years of this sentence in the custody of the New Mexico Corrections Department to be followed by . . . supervised probation for a period of five (5) years."  (Id.).

    2.  Mr. Orvis, proceeding *pro se*, alleges the following grounds for relief in his federal

---

    [1]All exhibits referenced in these proposed findings and recommended disposition ("PFRD") are attached to Respondent's Answer.

petition:

    I.  The evidence was insufficient to prove that Mr. Orvis committed the alleged crimes;

    II.  Mr. Orvis was convicted with perjured testimony and/or frivolous evidence;

and

    III.  Mr. Orvis was denied effective assistance of counsel for the following reasons:

        (a) counsel erred in allowing the jury to hear a conversation between the court and counsel,
        (b)  counsel erred during opening statements,
        (c)  counsel had no knowledge of how to conduct a trial, and
        (d) counsel rendered ineffective assistance at sentencing.

    3.  Respondent apparently concedes that grounds I and II are exhausted, but asserts that Mr. Orvis failed to exhaust ground III because the subclaims presented in ground III were not raised during the state court proceedings.  Respondent states that Mr. Orvis' unexhausted claims may be asserted in a state habeas corpus petition pursuant to Rule 5-802 NMRA.  (Answer at 4 ¶ 7).

    4.  Petitioners generally must exhaust available state court remedies before seeking redress in a federal habeas corpus petition.  See 28 U.S.C. § 2254(b)(1); see also Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275 (1971).  The exhaustion doctrine is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971).  The exhaustion requirement is met when the state's highest court has had an opportunity to reach the merits of a petitioner's habeas claims.  See Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992).

    5.  A state prisoner bringing a federal habeas petition bears the burden of showing that he exhausted state remedies.  Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert.

denied, 517 U.S. 1223 (1996); Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992). In this case, the Court finds that grounds I and II are exhausted and that ground III is not exhausted.

    6. New Mexico does not impose a statute of limitations on habeas petitioners. Moreover, "if doubts arise in particular cases as to whether the grounds in a subsequent application are different, they should be resolved in favor of the applicant." State v. Canales, 78 N.M. 429, 431 (1967). Under circumstances where it is not clear that state review is foreclosed and in the interest of comity, a petitioner's unexhausted claims should be dismissed without prejudice so that he may first pursue and exhaust those claims in state court. See e.g., Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists); Burgin v. Broglin, 900 F.2d 990, 995 (7th Cir. 1990) (explaining that where the availability of state post-conviction remedies is unclear, then exhaustion may be required).

    7. Mr. Orvis' federal petition is considered "mixed" because it contains both exhausted and unexhausted claims. A petition containing an unexhausted claim is subject to dismissal. Rose v. Lundy, 455 U.S. 509, 520-21 (1982). When a federal district court is presented with a mixed petition it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002). In this case, the Court recommends that Mr. Orvis' federal petition be dismissed without prejudice as a mixed petition.

    8. However, Mr. Orvis has a choice regarding how to proceed. Mr. Orvis may choose to proceed immediately on the exhausted claims before this Court, or he may choose to wait until he has exhausted all of his claims in state court before proceeding on his federal habeas. See Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993). Each of these choices is accompanied by

risks and consequences.

    9. Mr. Orvis may choose to withdraw his unexhausted ground III and proceed immediately with his federal petition in this Court <u>solely</u> on exhausted grounds I and II. If he chooses this option, Mr. Orvis risks losing the opportunity to present his unexhausted ground III in this Court at a later date. See <u>Tapia v. LeMaster</u>,172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent federal petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition) (citing <u>Rose</u>, 455 U.S. 509 (1982)). Alternatively, Mr. Orvis may choose to pursue his unexhausted ground III, in state court, thus delaying his federal petition altogether. If he chooses this option, Mr. Orvis should bear in mind that the one-year statute of limitation still applies to <u>all</u> of the grounds in his petition, including those that have been exhausted, and thus, he risks losing the opportunity to present his grounds at a later date as time-barred.[2] See <u>Rose</u>, 455 U.S. at 521 (<u>cited in</u> <u>Clark</u>, 13 F.3d at 1409.)

    10. If Mr. Orvis wishes to proceed with his federal petition <u>solely</u> on grounds I and II, he may notify the Court within the fourteen (14) day period allotted for the filing of objections to these findings, in order to avoid re-filing the petition following the order of dismissal. If Mr. Orvis does not notify the Court that he wishes to withdraw the unexhausted ground III and proceed with the remaining grounds, his federal petition will be dismissed without prejudice.

---

    [2]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year time limitation for filing petitions and mandates that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1225 (10th Cir. 1998)).

## Recommendation

The Court respectfully recommends that Mr. Orvis' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody **[Doc. 1]** be DENIED and this civil proceeding be DISMISSED without prejudice based on non-exhaustion of claims.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE