**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KENNETH HILLS ORVIS,

      Petitioner,

vs.                                                                                                        Civil No. 08-1121 JH/RHS

MIKE HEREDIA, et al.,

      Respondents.

**MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court on consideration of Petitioner Kenneth Orvis' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition"), filed December 1, 2008 **[Doc. 1]**.  Mr. Orvis is confined pursuant to the Judgment and Order Partially Suspending Sentence, filed in state court on March 1, 2007 in the Third Judicial District, County of Dona Ana.  (See Ex. A, attached to Answer, filed Feb. 2, 2009 **[Doc. 19]**).[1]  Following a jury trial, Mr. Orvis was convicted of twelve counts of Forgery (Make or Alter) and one count of Conspiracy to Commit Forgery (Make or Alter).  (See id.). Mr. Orvis was sentenced to serve "a total term of fourteen (14) years to be followed by two (2) years on parole."  (Id. at 5).  However, the state trial court suspended six (6) years of Mr. Orvis' sentence and ordered him to "serve eight (8) years of this sentence in the custody of the New Mexico Corrections Department to be followed by . . . supervised probation for a period of five (5) years."  (Id.).

    2.  Mr. Orvis, proceeding *pro se*, alleges the following claims for relief in his federal

---

    [1]All exhibits referenced in these proposed findings and recommended disposition ("PFRD") are attached to Respondent's Answer.

petition:

> I. The evidence was insufficient to prove that Mr. Orvis committed the alleged crimes; and
>
> II. Mr. Orvis was convicted with perjured testimony and/or frivolous evidence.

(See Order Adopting Magistrate Judge's Proposed Findings and Modifying Recommended Disposition, filed Jul. 8, 2010 **[Doc. 31]** (granting Mr. Orvis' request to withdraw Claim III and referring this matter to the undersigned for further proceedings solely on Claim I and Claim II)).

3. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that where a state court has adjudicated a claim on the merits, a petitioner is entitled to habeas relief in federal court "only if he can establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Gipson v. Jordan, 376 F.3d 1193, 1195-96 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(d)(1), (2)) (internal quotation marks omitted). A federal habeas court must presume the state court's factual findings to be correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Because the state courts articulated their reasoning for denying relief on the merits in each of the grounds raised on direct appeal and on state habeas review, a review of the entire Record Proper was not required.

*Claim I - sufficiency of the evidence*

4. Mr. Orvis claims that the evidence presented at trial was insufficient to support his convictions for forgery and conspiracy to commit forgery. In reviewing this claim on direct appeal, the New Mexico Court of Appeals ("NMCA") considered "whether there is substantial

evidence of a direct or circumstantial nature to support a finding of guilt beyond a reasonable doubt with respect to every element essential to each conviction."  (Memorandum Opinion ("MOO") at 2 & 5, Ex. F (citing State v. Ungarten, 115 N.M. 607, 609, 856 P.2d 569, 571 (Ct.App. 1993), abrogated on other grounds, State v. Chavez, 146 N.M. 434, 211 P.3d 891, 2009-NMSC-035 (N.M. 2009)).  Having done so, the NMCA determined that "a reasonable jury could believe that Defendant [Orvis] intended for the crime of forgery to be committed and he helped it be committed by giving Martin the stolen blank checks[,]" (MOO at 4), and "that a jury could find that Defendant [Orvis] and Martin agreed to commit forgery[,]" (MOO at 5).

    5. Under the Jackson v. Virginia 443 U.S. 307 (1979) standard for considering sufficiency of the evidence claims, "habeas relief may only be granted if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'"  Jones v. McKune, 214 Fed.Appx. 784, 786, 2007 WL 196561, at **2 (10th Cir. Jan. 26, 2007) (quoting Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003)) (not selected for publication).  The Tenth Circuit has "not yet decided whether the review of a state court's sufficiency of the evidence determination is a legal question reviewable under 28 U.S.C. § 2254(d)(1) or a factual matter reviewable under 28 U.S.C. § 2254(d)(2)."  Jones, 214 Fed.Appx. at 786, 2007 WL 196561, at **2 (citations omitted).  In any event, this Court's review is limited to determining whether the NMCA applied a standard that was contrary to, or involved an unreasonable application of, the standard for sufficiency of the evidence set forth in Jackson, or whether the NMCA's decision was based on an unreasonable determination of the facts.

    6. Ms. Martin testified that she went to a friend's house, where Mr. Orvis, whom she did not know, handed her a package of blank checks belonging to a Mr. Bourgeois. (See MOO at 2, 4).  Apparently, Ms. Martin and two other individuals forged and cashed some or all of the

checks.  The NMCA found, and this Court agrees, that a jury could reasonably infer from Mr. Orvis' conduct that he intended for Ms. Martin to forge the blank checks he gave her.  Moreover, the jury was not required to believe Ms. Martin's testimony that no agreement existed between she and Mr. Orvis regarding the checks.  The NMCA found that the evidence presented at trial "was sufficient to support the forgery convictions under an accessory theory."[2]  (MOO at 4).  The NMCA further found that, based on this evidence, a jury could find that Mr. Orvis and Ms. Martin "agreed to commit forgery when [Mr. Orvis] gave [Ms. Martin] the blank checks and that they intended to commit forgery."[3]  (MOO at 5 (citation omitted)).

7.  In determining whether the evidence was sufficient to support Mr. Orvis' convictions, the NMCA's decision was neither contrary to, nor involved an unreasonable application of, the standard set forth in Jackson, nor was it based on an unreasonable determination of the facts in light of the evidence.  Accordingly, Mr. Orvis' claim for relief on this basis should be denied.

*Claim II - perjured testimony*

8.  Mr. Orvis apparently claims that his conviction was obtained through Ms. Martin's perjured testimony.  In rejecting this claim, the state habeas court explained that Mr. Orvis' allegation that Ms. Martin lied when she testified "is insufficient to state a basis for post-conviction relief."  (Order Summarily Dismissing Petition for Writ of *Habeas Corpus* at 2 ¶6, Ex. L (citing State v. Hibbs, 82 N.M. 722, 487 P.2d 150 (N.M.Ct.App. 1971)).

---

[2]Under an accessory theory of forgery, the State must prove "that (1) Defendant intended the crime to be committed; (2) the crime was committed; and (3) Defendant helped, encouraged, or caused the crime to be committed."  (MOO at 3 (citing UJI 14-2820 NMRA; RP 74)).

[3]"[I]n order for the jury to find [Mr. Orvis] guilty of conspiracy to commit forgery, it had to find that [Mr. Orvis] and another person by words or acts agreed to commit forgery and [Mr. Orvis] and the other person intended to commit forgery."  (MOO at 5 (citing UJI 14-2810 NMRA; RP 86)).

9.  "[A] State's knowing use of perjured testimony does constitute denial of due process." Gay v. Graham, 269 F.2d 482, 486 (10th Cir. 1959) (citations omitted).  However, "the mere use of perjured testimony without the prosecution's knowing it was perjured is not a denial of due process."  Id. (citations omitted).  Here, Mr. Orvis fails to demonstrate either that perjured testimony was used, or that the prosecution knew that any testimony was perjured.

10.  Mr. Orvis points to a criminal case in state court as evidence that Ms. Martin "was already found guilty of and granted probation for her testimoney [sic]."  (Petition at 7 (citing Case Look Up, http://www.nmcourts.com, State v. Martin, D-307-CR-20060025)).  A review of the docket in that case indicates that Ms. Martin pled guilty in state court to one charge of "conspiracy forgery (making or alter)" and that the prosecutor dismissed 13 charges of forgery. See State v. Martin, D-307-CR-20060025.  However, such evidence does not show that Ms. Martin offered perjured testimony at Mr. Orvis' trial.  To the extent Mr. Orvis alleges that Ms. Martin's trial testimony was inaccurate or contradictory, such an allegation is merely an attack on the credibility of a witness and does not state a *prima facie* case of knowing use of perjured testimony.  See  Gay, 269 F.2d at 486 (citation omitted).  Mr. Orvis' claim for relief on the basis of perjured testimony should be denied.

**Recommendation**

The Court respectfully recommends that Mr. Orvis' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody **[Doc. 1]** be DENIED and this civil proceeding be DISMISSED with prejudice.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the

fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE